Janet M. Herold
Regional Solicitor
Susan Seletsky
Counsel for FLSA Litigation
**Boris Orlov, Attorney** (CSBN #223532)
Nancy Steffan, Attorney (CSBN #280958)
Office of the Solicitor
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-5410
    Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD C. HUGLER**,<br>   Acting Secretary of Labor,<br>   United States Department of Labor,<br><br>              Plaintiff,<br><br>              v.<br><br>**Matig Corporation,** doing business as Cash 2 U;<br>**Angel's Recycling**;<br>**Michael Ameri,** individually;<br>**Amita Duggal,** individually;<br><br>              Defendants. | Case No. 2:16cv02903-FMO-E<br><br><br><br><br>**CONSENT JUDGMENT** |

\*On January 20, 2017 Edward C. Hugler was appointed the Acting Secretary of Labor. Pursuant to FRCP 25(d) Mr. Hugler is substituted as the Plaintiff in this action

      Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, Defendants Matig Corporation, Michael Ameri individually and as managing agent of corporate defendant, Amita Duggal, individually and as managing agent of corporate defendant, (collectively "Defendants"), have agreed to re-

solve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A. The Secretary filed a Complaint in the above-captioned proceeding naming Defendants and alleging that Defendants violated provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2) and 215(a)(5). Defendants have appeared in this action.

B. Defendants neither admit nor deny the allegations in the Complaint.

C. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

D. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

E. Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee or retaliating against any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

F. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction (including but not limited to managers or supervisors at Defendants' recycling facilities) have notice of, and understand, the provisions of this Consent Judgment.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and

they hereby are, permanently enjoined and restrained from violating the provisions of Sections 11(a), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(a), 215(a)(2), 215(a)(3), and 215(a)(5), in any of the following manners:

    1.   Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), wages at a rate less than $7.25 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

    2.   Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

    3.   Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

    4.   Defendants, jointly and severally, shall not continue to withhold the payment of $ 65,000 in minimum wage and overtime pay hereby found to be due under the FLSA to 29 employees, as a result of their employment by Defendants during the period of April 27, 2013 through February 14, 2015 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line

the gross backwage amount due the employee and the period covered by the Consent Judgment.

5. IT IS ORDERED AND ADJUDGED that the plaintiff shall also have and recover from the defendants, jointly and severally, the additional amount of $ 65,000 as liquidated damages hereby found to be due under the FLSA.

6. To accomplish the requirements of Paragraphs 4 and 5, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, 915 Wilshire Blvd, Suite 960, Los Angeles, CA 90017, the following:

   a. On or before March 15, 2017, a schedule in duplicate bearing the name of the corporate Defendants, employer identification number, address, and phone number of the corporate Defendants and showing the name, last known (home) address, social security number, gross backwage and liquidated damage amount for each person listed in the attached Exhibit 1.

   b. Defendants shall deliver to Wage Hour the payments set forth on the attached Exhibit 2. Each payment shall be made by a check or money order and includes interest calculated at 1% per year on the unpaid balance until the balance is paid in full. The checks for payments 1 through 13 shall have the Firm name and "LDs + Int." written on it, payable to the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2. The checks for payments 13 through 35 shall have the Firm name and "BWs + Int." written on each, payable to the order of the "Wage and Hour Div., Labor," and be delivered on or before the date the payment is due as set forth in Exhibit 2.

   c. In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by Certified mail a written

demand to the last business address of the defendants then known to the Secretary. In addition, notice is to be provided to Defendants counsel Reza Gharakhani by email at gharakhani@rostow.com. Defendants shall have Seven (7) business days from receipt of the Secretary's written demand to cure any default prior to Defendants being deemed in breach of this Agreement.

       d. The Secretary shall allocate and distribute the funds described in paragraphs 4 and 5 less deductions for employees' share of social security and withholding taxes on the backwage amounts to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

    7. On or before February 1, 2020, a check or money order with the firm name and "OT/CMP" written thereon payable to the order of "Wage & Hour Div., Labor," in the amount of $5,005.64 in payment of the civil money penalty assessed against the defendants for overtime pay violations plus interest.

    8. Defendants shall comply with the FLSA, and if not already in effect at the time of entry of this Judgment, shall amend and maintain their payroll practices as follows:

       a. Defendants shall implement a timekeeping system at each of their recycling facilities in order to accurately record the number of hours worked by each employee.

       b. Defendants shall record all hours worked by employees in the payroll records.

       c. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

d. For each work week, Defendant shall sum the time indicated on the time records recorded on the time clock by each employee to identify the time worked each day and each workweek. Each pay period Defendant shall prepare a statement of hours worked by each employee for each day, week and pay period ("Work Hours Summary"). Such Work Hours Summary shall state the regular rate, which shall be calculated in full compliance with 29 C.F.R. §§ 778.108-09. Defendant shall calculate the half-time premium for hours worked over forty in each work week by dividing the regular rate in half.

e. Defendants shall reflect all amounts paid to employees, regardless of the manner of payment, on the payroll records.

f. Defendants shall train all supervisors, managers and schedulers at the recycling facilities regarding the requirements of this consent judgment and shall provide a copy of this judgment to all supervisors, managers and schedulers.

g. Defendants shall pay employees for all compensable waiting time. Compensable time shall be defined as the time the employees are on the premises of the recycling facilities during business hours and are available to work with the exception for bona fide meal periods of at least 30 minutes during which the employees are completely free from work.

h. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

i. Defendants shall not direct supervisors or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees.

j. Defendants shall not request, require or otherwise cause employees to sign inaccurate time records.

k. Defendants shall not require or permit employees to work "off the clock" either before or after their shift.
         l. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of locations, duties, or tasks worked or performed by that employee.

   9. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages or liquidated damages from any of the employees listed on the attached Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of the employee's receipt of funds due under this Judgment or any. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

   10. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way violate Sections 11(a) or 15(a)(3) of the FLSA, 29 U.S.C. §§ 211(a) and 215(a)(3). Defendants shall not terminate, threaten to terminate, or imply that any employee will be terminated, reduce the work hours, threaten to reduce the work hours, or imply that work hours will be reduced, or retaliate or discriminate against any employee in any other way because the employee has complained about violations of the FLSA, or because Defendants believe the employee has complained to the Secretary or cooperated in any way with an investigation by the Secretary.

   11. Within 10 days of the entry of this Judgment Defendants shall supply all of their employees at the recycling facilities with copies of the attached Exhibit 3, which summarizes, in English and Spanish, terms of this Judgment and the employees' rights under the FLSA. In addition, every six months thereafter, Defendants shall provide copies of Exhibit 3 to all employees then working at the recycling facilities. Further, De-

1 fendants shall provide copies of Exhibit 3 to any new hires. This provision shall be in
2 effect for a period of two years from the date of entry of this Judgment by the Court.

3     ORDERED that the filing, pursuit, and/or resolution of this proceeding with the
4 entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA§
5 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor
6 as to any employee named on the attached Exhibit 1 for any period not specified therein;
7 and, it is further

8     ORDERED that each party shall bear its own fees and other expenses incurred by
9 such party in connection with any stage of this proceeding, including but not limited to
10 attorneys' fees, which may be available under the Equal Access to Justice Act, as
11 amended; and, it is further

12     ORDERED that this Court shall retain jurisdiction of this action for purposes of
13 enforcing compliance with the terms of this Consent Judgment.

Dated: March 10, 2017.  _____/s/_____
                                          Fernando M. Olguin
                                          United States District Judge

For the Defendants:
The Defendants consent to the entry of this Judgment, and waive notice by the Clerk of Court:

For: Matig Corporation, d/b/a Cash 2 U

By: _____    3/6/17
    Michael Ameri                      Date

Its: Owner

For: Michael Ameri

By: _____    3/6/17
    Michael Ameri, Individually        Date


By: _____    3/07/17
    Amita Dugall, Individually and     Date
    For Angel's Recycling

Attorney for the Defendants

Reza I. Gharakhani, Esq.

Approved as to Form Only

_____  
Reza I. Gharakhani, Esq.  
Rostow & Auster LLP  
Suite 3850  
2049 Century Park East  
Los Angeles, California 90067  
Telephone: (310) 772-0080

3/8/17  
Date

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____         3-9-17
BORIS ORLOV, Attorney                    Date
Attorneys for the Plaintiff
U.S. Department of Labor

# EXHIBIT 1

| First Name | Last Name | Period Covered | | | Back Wages | Liquidated Damages | Interest | Total Due |
|---|---|---|---|---|---|---|---|---|
| Simon | Alcaraz | 01/12/13 | - | 02/14/15 | $ 3,526.82 | $ 3,526.82 | $ 90.46 | $ 7,144.10 |
| Alex | Alfero | 03/30/13 | - | 06/15/13 | $ 222.75 | $ 222.75 | $ 5.71 | $ 451.21 |
| Hector | Alvarez | 01/12/13 | - | 02/02/13 | $ 50.00 | $ 50.00 | $ 1.28 | $ 101.28 |
| Luis A. | Arana | 02/09/13 | - | 01/31/15 | $ 4,950.22 | $ 4,950.22 | $ 26.98 | $ 10,027.42 |
| Jose Miguel | Castillo | 01/12/13 | - | 02/14/15 | $ 6,262.29 | $ 6,262.29 | $ 60.63 | $ 12,685.21 |
| Jose | Daniel | 04/20/13 | - | 06/22/13 | $ 182.13 | $ 182.13 | $ 4.67 | $ 368.93 |
| Anderson | De Leon | 11/16/13 | - | 11/15/14 | $ 3,028.65 | $ 3,028.65 | $ 77.69 | $ 6,134.99 |
| Elizio | De Leon | 03/22/14 | - | 11/08/14 | $ 827.81 | $ 827.81 | $ 21.23 | $ 1,676.85 |
| Paul | De Leon | 05/24/14 | - | 02/14/15 | $ 687.98 | $ 687.98 | $ 17.65 | $ 1,393.61 |
| Carlos H. | Diaz | 01/12/13 | - | 02/14/15 | $ 479.54 | $ 479.54 | $ 12.30 | $ 971.38 |
| Alex | Flores | 02/02/13 | - | 05/03/14 | $ 545.44 | $ 545.44 | $ 13.99 | $ 1,104.87 |
| Santos | Garcia | 12/28/13 | - | 01/24/15 | $ 1,739.63 | $ 1,739.63 | $ 44.62 | $ 3,523.88 |
| Daniel M | Gonzalez | 01/26/13 | - | 11/02/13 | $ 1,397.56 | $ 1,397.56 | $ 35.85 | $ 2,830.97 |
| Marvin | Gonzalez | 06/16/13 | - | 01/31/15 | $ 2,824.24 | $ 2,824.24 | $ 72.44 | $ 5,720.92 |
| Pedro | Hernandez | 01/12/13 | - | 02/14/15 | $ 1,953.44 | $ 1,953.44 | $ 50.11 | $ 3,956.99 |
| Favio | Jimenez | 01/12/13 | - | 05/18/13 | $ 312.06 | $ 312.06 | $ 8.00 | $ 632.12 |
| Julius | Lyons | 06/08/13 | - | 07/20/13 | $ 105.00 | $ 105.00 | $ 2.69 | $ 212.69 |
| Manuel | Martinez | 12/28/13 | - | 12/13/14 | $ 693.50 | $ 693.50 | $ 17.79 | $ 1,404.79 |
| Baldo | Perez | 02/09/13 | - | 01/31/15 | $ 7,476.88 | $ 7,476.88 | $ 191.79 | $ 15,145.55 |
| Edgar | Perez | 02/09/13 | - | 01/31/15 | $ 8,610.98 | $ 8,610.98 | $ 220.88 | $ 17,442.84 |
| Moises | Pirir | 01/12/13 | - | 02/14/15 | $ 7,887.03 | $ 7,887.03 | $ 202.31 | $ 15,976.37 |
| Edgar N | Regal | 06/15/13 | - | 09/28/13 | $ 243.50 | $ 243.50 | $ 6.25 | $ 493.25 |
| Jose Daniel | Reyes | 07/06/13 | - | 02/14/15 | $ 3,800.48 | $ 3,800.48 | $ 97.48 | $ 7,698.44 |
| Juan | Rivera | 12/28/13 | - | 02/14/15 | $ 1,806.38 | $ 1,806.38 | $ 46.33 | $ 3,659.09 |
| Mario | Rivera | 02/03/13 | - | 01/31/15 | $ 4,042.38 | $ 4,042.38 | $ 103.69 | $ 8,188.45 |
| Vladimir | Rivera | 01/11/14 | - | 08/02/14 | $ 256.81 | $ 256.81 | $ 6.59 | $ 520.21 |
| Ruben | Tenerio | 01/12/13 | - | 01/31/15 | $ 827.75 | $ 827.75 | $ 21.23 | $ 1,676.73 |
| Enrique Manuel | Valdovinos | 07/06/13 | - | 02/14/15 | $ 196.81 | $ 196.81 | $ 5.05 | $ 398.67 |
| Angel | Vega | 08/23/14 | - | 01/31/15 | $ 61.94 | $ 61.94 | $ 1.59 | $ 125.47 |
| Total | | | | | $ 65,000.00 | $ 65,000.00 | $1,667.28 | $ 131,667.28 |

# EXHIBIT 2

| Payment No. | Due Date | Amount Due | Interest Due | Total Payment Due | |
|---|---|---|---|---|---|
| Down Payment | 3/15/2017 | $ 27,000.00 | | $ 27,000.00 | Liquidated Damages |
| 1 | 3/15/2017 | $ 2,956.47 | $ 90.00 | $ 3,046.47 | Liquidated Damages |
| 2 | 4/1/2017 | $ 2,958.93 | $ 87.54 | $ 3,046.47 | Liquidated Damages |
| 3 | 5/1/2017 | $ 2,961.40 | $ 85.07 | $ 3,046.47 | Liquidated Damages |
| 4 | 6/1/2017 | $ 2,963.87 | $ 82.60 | $ 3,046.47 | Liquidated Damages |
| 5 | 7/1/2017 | $ 2,966.34 | $ 80.13 | $ 3,046.47 | Liquidated Damages |
| 6 | 8/1/2017 | $ 2,968.81 | $ 77.66 | $ 3,046.47 | Liquidated Damages |
| 7 | 9/1/2017 | $ 2,971.28 | $ 75.19 | $ 3,046.47 | Liquidated Damages |
| 8 | 10/1/2017 | $ 2,973.76 | $ 72.71 | $ 3,046.47 | Liquidated Damages |
| 9 | 11/1/2017 | $ 2,976.24 | $ 70.23 | $ 3,046.47 | Liquidated Damages |
| 10 | 12/1/2017 | $ 2,978.72 | $ 67.75 | $ 3,046.47 | Liquidated Damages |
| 11 | 1/1/2018 | $ 2,981.20 | $ 65.27 | $ 3,046.47 | Liquidated Damages |
| 12 | 2/1/2018 | $ 2,983.68 | $ 62.79 | $ 3,046.47 | Liquidated Damages |
| 13 | 3/1/2018 | $ 2,359.30 | $ 47.64 | $ 2,406.94 | Liquidated Damages |
| | | $ 626.87 | $ 12.66 | $ 639.53 | Back Wages |
| 14 | 4/1/2018 | $ 2,988.66 | $ 57.81 | $ 3,046.47 | Back Wages |
| 15 | 5/1/2018 | $ 2,991.15 | $ 55.32 | $ 3,046.47 | Back Wages |
| 16 | 6/1/2018 | $ 2,993.64 | $ 52.83 | $ 3,046.47 | Back Wages |
| 17 | 7/1/2018 | $ 2,996.14 | $ 50.33 | $ 3,046.47 | Back Wages |
| 18 | 8/1/2018 | $ 2,998.63 | $ 47.84 | $ 3,046.47 | Back Wages |
| 19 | 9/1/2018 | $ 3,001.13 | $ 45.34 | $ 3,046.47 | Back Wages |
| 20 | 10/1/2018 | $ 3,003.63 | $ 42.84 | $ 3,046.47 | Back Wages |
| 21 | 11/1/2018 | $ 3,006.14 | $ 40.33 | $ 3,046.47 | Back Wages |
| 22 | 12/1/2018 | $ 3,008.64 | $ 37.83 | $ 3,046.47 | Back Wages |
| 23 | 1/1/2019 | $ 3,011.15 | $ 35.32 | $ 3,046.47 | Back Wages |
| 24 | 2/1/2019 | $ 3,013.66 | $ 32.81 | $ 3,046.47 | Back Wages |
| 25 | 3/1/2019 | $ 3,016.17 | $ 30.30 | $ 3,046.47 | Back Wages |
| 26 | 4/1/2019 | $ 3,018.68 | $ 27.79 | $ 3,046.47 | Back Wages |
| 27 | 5/1/2019 | $ 3,021.20 | $ 25.27 | $ 3,046.47 | Back Wages |
| 28 | 6/1/2019 | $ 3,023.72 | $ 22.75 | $ 3,046.47 | Back Wages |
| 29 | 7/1/2019 | $ 3,026.24 | $ 20.23 | $ 3,046.47 | Back Wages |
| 30 | 8/1/2019 | $ 3,028.76 | $ 17.71 | $ 3,046.47 | Back Wages |
| 31 | 9/1/2019 | $ 3,031.28 | $ 15.19 | $ 3,046.47 | Back Wages |

| | | | | | |
|---|---|---|---|---|---|
| 32 | 10/1/2019 | $ 3,033.81 | $ 12.66 | $ 3,046.47 | Back Wages |
| 33 | 11/1/2019 | $ 3,036.34 | $ 10.13 | $ 3,046.47 | Back Wages |
| 34 | 12/1/2019 | $ 3,038.87 | $ 7.60 | $ 3,046.47 | Back Wages |
| 35 | 1/1/2020 | $ 1,085.49 | $ 1.81 | $ 1,087.30 | Back Wages |
| 36 | 2/1/2020 | $ 5,000.00 | $ 5.64 | $ 5,005.64 | Civil Money Penalty |
| **TOTAL** | | **$135,000.00** | **$ 1,672.92** | **$136,672.92** | |

EXHIBIT 3

# LEGAL NOTICE TO ALL EMPLOYEES

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Matig Corporation, (d/b/a Cash 2 U), Mr. Michael Ameri, Angel's Recycling and Amita Duggal** from violating the minimum wage and overtime requirements of the **Fair Labor Standards Act**.  All employees who work in this establishment can help the employer not to violate the Court's Order.  **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at** (213) 894-6375 **and your name will be kept confidential.**

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

All employees who are on the premises during business hours and are available to work must be punched in on the time clock and must be paid for this time. Meal breaks of at least 30 minutes during which the employee is completely free from work are exempted from this requirement.

The **Fair Labor Standards Act** prohibits retaliation against any employees who complain to the employer or Department of Labor about their pay or work hours.

# NOTICIA LEGAL A TODOS LOS EMPLEADOS

Para resolver una demanda presentada por el Departamento de Trabajo, el Tribunal Distrito de los Estados Unidos emitió una Orden prohibiendo **Matig Corporation, (d/b/a Cash 2 U), Michael Ameri, Angel's Recycling, Amita Duggal** de violar el salario minimo, los requisitos de las horas del sobre tiempo, las provisiones de investigación, y las provisiones contra la represalia de La Ley De Normas Justas De Trabajo. Todos los empleados que trabajan en este establecimiento pueden ayudar al empleador a no violar la Orden del Tribunal. Si usted piensa que no le están pagando de acuerdo con la ley, llame al Sección de Horas y Sueldos del Departamento de Trabajo de los Estados Unidos a (213) 894-6375 y su nombre se mantendrá confidencial.

La Ley De Norma Justas De Trabajo exige que todos los empleados deban ser pagados el sueldo mínimo por todas las horas trabajadas. Además, los empleados deban ser pagados el sobretiempo, a tiempo y medio de su tasa del pago regular, por todas las horas trabajadas en exceso de 40 en una semana laboral.

Todos los empleados que están en el establecimiento durante el horario laboral del negocio y están disponibles para trabajar deben estar ponchados en el reloj y deben ser pagados por este tiempo.  Descansos para comer por lo menos de 30 minutos y que están completamente libre del trabajo no requiere ser pagados.

La Ley De Normas Justas De Trabajo y la Orden emitida por el Tribunal Distrito de los Estados Unidos han prohibido represalias contra cualquier empleado que se queja de su pago o horas de trabajo.